IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **CRAIG HENSON** )<br>)<br>    **PLAINTIFF,** )<br>)<br>v. )<br>)<br>**AMERICAN TOWER CORPORATION,**)<br>**AMERICAN TOWER ANTENNA** )<br>**ASSET SUB LLC, AMERICAN** )<br>**TOWER GUARANTOR SUB LLC,** )<br>**AMERICAN TOWER HOLDING SUB** )<br>**LLC, and AMERICAN TOWER** )<br>**MANAGEMENT, LLC,** )<br>)<br>    **DEFENDANTS.** ) | Case No. _____<br>**JURY DEMAND** |

# COMPLAINT

Comes now Craig Henson by and through counsel and for his cause of action against the Defendant would respectfully show to the Court and Jury as follows:

## PARTIES

1. Plaintiff is a resident of Virginia Beach, Virginia.

2. American Tower Corporation is a Delaware corporation with its principal place of business in Boston, Massachusetts. It receives mail at 116 Huntingdon Avenue, 11th Floor, Boston, Massachusetts 02116. American Tower Corporation regularly conducts business in the State of Tennessee even though it is not registered and does not maintain an agent for service of process in Tennessee. Accordingly, it may be served process through the Secretary of State to its registered agent CT Corporation System, 155 Federal Street, Suite 700, Boston, Massachusetts

02110. In the alternative, this defendant may be served process through its registered agent Edmund Disanto, 116 Huntingdon Avenue, Boston, Massachusetts 02116.

      3.      American Tower Antenna Asset Sub LLC is a Delaware limited liability company with its principal place of business in Boston, Massachusetts. American Tower Antenna Asset Sub LLC regularly conducts business in the State of Tennessee and may be served process through its registered agent for service of process CT Corporation System, 800 Gay Street, Suite 2021, Knoxville, Tennessee 37929.

      4.      American Tower Guarantor Sub, LLC is a Delaware limited liability company with its principal place of business in Boston, Massachusetts. American Tower Guarantor Sub, LLC regularly conducts business in the State of Tennessee and may be served process through its registered agent for service of process CT Corporation System, 800 Gay Street, Suite 2021, Knoxville, Tennessee 37929.

      5.      American Tower Holding Sub, LLC is a Delaware limited liability company with its principal place of business in Boston, Massachusetts. American Tower Holding Sub, LLC regularly conducts business in the State of Tennessee and may be served process through its registered agent for service of process CT Corporation System, 800 Gay Street, Suite 2021, Knoxville, Tennessee 37929.

      6.      American Tower Management, LLC is a Delaware limited liability company with its principal place of business in Boston, Massachusetts. American Tower Management, LLC regularly conducts business in the State of Tennessee and may be served process through its registered agent for service of process CT Corporation System, 800 Gay Street, Suite 2021, Knoxville, Tennessee 37929.

## **JURISDICTION/VENUE**

7.     This Court has personal jurisdiction over all the Defendants[1] because they each regularly conduct business in the State of Tennessee and have established sufficient minimum contacts with the State of Tennessee.  Further, the Court has personal jurisdiction over American Tower Corporation because it is a holding company that has formed a unitary business operation with its subsidiaries, Defendants American Tower Antenna Asset Sub LLC, American Tower Guarantor Sub, LLC, American Tower Holding Sub, LLC, and American Tower Management, LLC.  Upon information and belief, the subsidiaries are financially dependent on American Tower Corporation, consolidate their financials with American Tower Corporation, and employ key personnel selected by American Tower Corporation.

8.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds the jurisdictional limit of this Court.

9.     Venue is appropriate in this district pursuant to 28 U.S.C § 1391 as the event giving rise to this lawsuit occurred in Sumner County, Tennessee.

## **BACKGROUND**

10.    On or about August 6, 2014, Craig Henson, was climbing a cell phone tower owned and operated by Defendant American Tower Corporation.  The tower in question is located at Site Name STOP 30 and the Site Number is TN-308979.

11.    Mr. Henson was a tower technician for Tower Communications Expert, LLC on the day of the incident described below and was authorized to use the tower in question at the time of the incident.

---

[1] The Defendants are referred to collectively because they jointly committed the tortious acts described herein using interconnected and interdependent parent and subsidiary entities.

3

12. As Mr. Henson was ascending the tower in question a foreign object broke away from the tower and fell striking the base of his neck.

13. The object, later determined to be an angle adapter, weighing approximately one and one-half (1 ½) pounds fell approximately forty (40) feet before striking Mr. Henson on the neck. Mr. Henson had reached approximately thirty (30) feet above the ground when he was struck by the object.

14. Mr. Henson had utilized all proper safety equipment and precautions at the time of the incident in question.

15. As a result of this incident, Mr. Henson suffered significant physical and emotional injuries.

16. The tower in question was negligently and improperly maintained and was inadequate to protect authorized persons from injury.

17. The foreign object that detached from the tower in question and fell on Mr. Henson was a latent condition that Mr. Henson could not discover through the exercise of reasonable diligence on the day of the incident.

18. No signs or warnings had been placed in the area where the incident occurred.

19. The failure to properly maintain or otherwise repair the tower in question created an unsafe and unreasonably dangerous condition.

20. The Defendants were actually aware of the condition of the tower in question.

21. The Defendants, if not actually aware of the lack of proper maintenance, should have been aware of this fact because the condition had existed for long enough that they should have been aware of this fact.

22. The Defendants had not taken appropriate measures to inspect its property, warn such persons authorized to climb the tower in question of unreasonably dangerous conditions on its property, or remove or repair the unsafe condition on its property.

23. It was foreseeable to Defendants that an object such as an angle adapter could detach and separate without difficulty due to the improper maintenance of the tower and the lack of any meaningful notice to prevent authorized persons from becoming injured.

## COUNT I: NEGLIGENCE

24. Plaintiff re-alleges the allegations set forth in paragraphs 1-23 as if restated verbatim.

25. The Defendants owed Plaintiff a duty to maintain its property, to avoid creating unsafe and unreasonably dangerous conditions on its property, to take corrective measures to remove unsafe conditions which could be remedied, and to properly warn persons authorized to climb the tower in question or others lawfully on the premises of and protect said persons or others lawfully on the premises against dangers which cannot immediately be remedied.

26. The Defendants breached the above-listed duties to Plaintiff, in the following ways:

   a. The Defendants failed to provide Plaintiff a reasonably safe work environment at the site of the tower in question;

   b. The Defendants caused and/or created an unsafe condition by failing to properly maintain the tower in question and allowing this condition to exist while authorized persons were present;

   c. The Defendants failed to inspect or otherwise maintain the area prior to allowing authorized persons in the area; and

      d. The Defendants failed to notify authorized persons that the tower on which Plaintiff's injuries occurred was dangerous and unsafe and failed to restrict access to the area until it was safe for those authorized to use it.

27. The breach by the Defendants was the cause in fact and proximate cause of Plaintiff's injuries received and resulting damages and constitutes negligence on the part of the Defendants.

## **DAMAGES**

28. Plaintiff re-alleges the allegations set forth in paragraphs 1-27 as if restated verbatim.

29. As a direct and proximate result of the negligence of the Defendants, the Plaintiff suffered significant physical, emotional, and economic damages.

30. As a direct, proximate and legal result of the Defendants' negligence, Plaintiff received substantial physical, emotional, and economic injuries.

31. As a direct, proximate and legal result of the Defendants' negligence, Plaintiff has incurred substantial medical expenses for treatment of his injuries and will require future medical expenses.

32. As a direct, proximate and legal result of the Defendants' negligence, Plaintiff received painful injuries, has suffered both in body and mind, lost some ability to perform his usual activities, and lost some of his capacity to enjoy the pleasures of life.

33. As a direct, proximate and legal result of the Defendants' negligence, Plaintiff has suffered a substantial loss to his capacity for earning income.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount in excess of $75,000 plus costs, interest, and whatever other relief the Court deems just and equitable.

Dated: August 5, 2015.

                                    Respectfully submitted,

                                    **BILL EASTERLY & ASSOCIATES**

                                    s/Craig P. Glenn_____
                                    Craig P. Glenn, BPR #31439
                                    Bill Easterly, BPR #15425
                                    *Attorneys for Plaintiff*
                                    3017 Poston Avenue
                                    Nashville, Tennessee 37203
                                    Telephone: (615) 244-2222