IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CRAIG HENSON | ) | |
| | ) | |
|     PLAINTIFF, | ) | |
| | ) | |
| v. | ) | Case No. 3:15cv0853 |
| | ) | JURY DEMAND |
| AMERICAN TOWER CORPORATION, | ) | |
| AMERICAN TOWER ANTENNA | ) | |
| ASSET SUB LLC, AMERICAN | ) | |
| TOWER GUARANTOR SUB LLC, | ) | |
| AMERICAN TOWER HOLDING SUB | ) | |
| LLC, and AMERICAN TOWER | ) | |
| MANAGEMENT, LLC, | ) | |
| | ) | |
|     DEFENDANTS. | ) | |

---

### ANSWER OF DEFENDANTS AMERICAN TOWER CORPORATION ET AL.
---

Come now Defendants American Tower Corporation, American Tower Asset Sub LLC, American Tower Guarantor Sub LLC, American Tower Holding Sub LLC, and American Tower Management LLC (collectively, the "Defendants"), by and through counsel, and respond as follows with respect to the individually numbered paragraphs of the Complaint:

1. Defendants are without sufficient knowledge or information to truthfully admit or deny the allegations in Paragraph 1.

2. In response to the allegations in Paragraph 2, Defendants state that American Tower Corporation receives mail at 116 Huntington Avenue, 11th Floor, Boston Massachusetts 02116 (incorrectly spelled as "Huntingdon" in Paragraph 2) and that American Tower Corporation's registered agent is Edmund DiSanto (incorrectly spelled as "Disanto" in Paragraph 2).

3. Defendants deny that "American Tower Antenna Asset Sub LLC" is the correct legal name for the entity described in Paragraph 3. The correct legal name for this entity is "American Tower Asset Sub LLC." Defendants admit all other allegations in Paragraph 3.

4. Admitted.

5. Admitted.

6. Defendants admit that the allegations contained in Paragraph 6 are factually correct, but deny that this entity has any legal interest in the tower site at issue or with the tenants of that site.

7. Defendants are not challenging this Court's personal jurisdiction over them as alleged in Paragraph 7.

8. Defendants are without sufficient knowledge or information to truthfully admit or deny whether the parties are diverse. Defendants deny all other allegations in Paragraph 8. Defendants do not otherwise challenge the Court's subject matter jurisdiction over this action.

9. Defendants are without sufficient knowledge or information to truthfully admit or deny the allegations in Paragraph 9, but do not otherwise challenge the appropriateness of venue.

10. Defendants are without sufficient knowledge or information to truthfully admit or deny the allegations in Paragraph 10.

11. Defendants are without sufficient knowledge or information to truthfully admit or deny the allegations in Paragraph 11.

12. Defendants are without sufficient knowledge or information to truthfully admit or deny the allegations in Paragraph 12.

13. Defendants are without sufficient knowledge or information to truthfully admit or deny the allegations in Paragraph 13.

14. Defendants are without sufficient knowledge or information to truthfully admit or deny the allegations in Paragraph 14, and these allegations are therefore denied.

15. Defendants are without sufficient knowledge or information to truthfully admit or deny the allegations in Paragraph 15, and these allegations are therefore denied.

16. Denied.

17. Defendants are without sufficient knowledge or information to truthfully admit or deny the allegations in Paragraph 17, and these allegations are therefore denied.

18. Defendants are without sufficient knowledge or information to truthfully admit or deny whether there were signs or warnings in place in the area where the incident occurred, and these allegations are therefore denied. Defendants further deny that there was a failure by Defendants to properly warn Plaintiff of the condition at issue.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

## **COUNT I: NEGLIGENCE**

24. Defendants restate, reallege, and incorporate by reference their answers to the allegations in numerical paragraphs 1 through 23 of the Complaint.

25. Paragraph 25 states a legal conclusion. To the extent a response is required, Defendants are without sufficient knowledge or information to truthfully admit or deny the allegations in Paragraph 25.

26. Denied.

27. Denied.

3

## DAMAGES

28. Defendants restate, reallege, and incorporate by reference their answers to the allegations in numerical paragraphs 1 through 27 of the Complaint.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Defendants deny that Plaintiff is entitled to the relief requested in the last unnumbered paragraph of the Complaint.

33. Defendants generally deny all allegations in the Complaint not specifically admitted or denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's cause of action is barred, in whole or in part, by the equitable doctrines of laches, waiver, and estoppel.

2. Plaintiff's cause of action should be barred or limited due to his own comparative fault.

3. While Defendants deny any liability, Defendants contend that any percentage of fault attributable to Defendants must be reduced by the percentage or degree of fault that is found to be attributable to other unnamed parties. Defendants reserve the right to amend this Answer to name additional responsible parties as discovery continues in this case.

4. Defendants hereby give notice of their intent to rely upon any other defenses that may be available or which appear in this case and hereby reserve the right to amend this Answer to assert any such defenses pending further investigation and discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants respectfully request that the Complaint be dismissed in its entirety with costs taxed to the Plaintiff and that judgment be entered against the Plaintiff in favor of Defendants for all costs incurred by Defendants.

Respectfully Submitted,

/s/David A. King
David A. King (#011559)
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2700
Nashville, Tennessee 37201
Phone: (615) 742-6200

*Attorney for Defendants American Tower Corporation, American Tower Asset Sub LLC, American Tower Guarantor Sub LLC, American Tower Holding Sub LLC, and American Tower Management LLC*

# CERTIFICATE OF SERVICE

       I hereby certify that a true and exact copy of the foregoing has been served upon opposing counsel, via the Court's CM/ECF e-mail notification system, on this the 26th day of October, 2015:

Craig P. Glenn (#31439)
Bill Easterly (#15425)
3017 Poston Avenue
Nashville, Tennessee 37203
Phone: (615) 244-2222

*/s/ David A. King*